## No. 2919.

ELLISON, CREEVY & EMLEY, liquidators of THE FIREMEN'S INSURANCE COMPANY, E. E. NORTON, assignee in bankruptcy (subrogated No. 23,616) v. JULES SCHNEIDER and EDWARD SCHNEGANS.

Where the question was as to the validity of the transfer of stock, on the ground that it was not made in accordance with the formalities required by the charter of the company;

Held—That if the consent of the directors to the transfer was not obtained in a formal convocation of the board, yet the assent of a majority of the directors appeared to have been given and in the manner that transfers of stock were frequently made. This is sufficient.

APPEAL from the Fourth District Court, parish of Orleans. _Théard, J._ _Aug. De B. Hughes, Bentinck Egan, R. H. Marr, Cotton & Levy_, for plaintiff and appellee. _Hornor & Benedict_, for defendants and appellants.

TALIAFERRO, J. The plaintiffs, in their capacity of liquidators of the Firemen's Insurance Company, sue the defendants as stockholders

in the company for the amount of two calls made on assessments according to the charter of the company; one of these assessments was made on the twenty-eighth of May, 1867, for twenty dollars per share; the other in July, 1869. After the company went into liquidation the liquidators made a call for twenty dollars per share to pay the debts of the company. After the call of the twenty-eighth of May, 1867, and before the one last made, Jules Schneider, one of the defendants, transferred his stock to Schnegans, the other defendant. The plaintiffs allege that this transfer to Schnegans was a mere scheme of Schneider to avoid his liability for the debts of the company as a stockholder; that the transfer was made to Schnegans without the formalities required by the charter to render valid the transfer of stock; and therefore the act purporting to transfer the stock of Schneider to Schnegans is null and void.

The defendants answer by general denial. The plaintiffs had judgment in their favor and the defendants have appealed.

We see no reasons for disturbing the judgment. The transfer complained of seems to have been regularly made upon the books of the company in the usual form of such transactions. Schnegans was recognized by the directors of the company as a stockholder, and by their consent became the transferree of the stock held by Schneider. This consent, if not obtained from the directors in a formal convocation of the board, yet the assent of a majority of the directors appears to have been given, and in the manner that transfers of stock were frequently made.

It is therefore ordered that the judgment of the District Court be annulled, avoided and reversed; it is further ordered that there be judgment in favor of the defendants, the plaintiffs paying costs in both court.

Rehearing refused.